[No. 30512. Department One. December 30, 1948.]

L. E. KOLSTAD, *Appellant*, v. YOUNGLOVE GROCERY COMPANY, *Respondent*.[1]

*Leo Teats* and *Ralph Teats*, for appellant.

*Metzger, Blair, Gardner & Boldt*, for respondent.

[1]Reported in 201 P. (2d) 142.

STEINERT, J.—Plaintiff instituted action to compel the defendants, a corporation and its president, specifically to perform an alleged oral contract, under the terms of which, as claimed in the complaint, certain shares of stock in the corporation were to be delivered to the plaintiff, and a note which the latter had previously given to the corporation in payment for the stock was to be canceled.

The defendants jointly interposed a demurrer to the complaint. The court overruled the demurrer on the part of the corporation, but sustained it as interposed by the individual defendant, who, upon the failure of the plaintiff to amend his complaint, was dismissed from the case.

The corporation, which will hereinafter be referred to as if it were the sole defendant, then filed an answer in which it denied that any agreement, as alleged by the plaintiff, had ever been enterd into, but admitted and alleged that the plaintiff had contracted with the defendant for the purchase, by the plaintiff, of the corporate stock in question; that a note in the amount of the purchase price of the stock had been executed and delivered by the plaintiff to the defendant; and that the payment of the purchase price, as evidenced by the note, was secured by a pledge of the capital stock so purchased, together with other such stock received by the plaintiff as a common stock dividend on the original shares.

The defendant's answer, in addition to setting forth certain other matters by way of affirmative defenses, also incorporated therein a cross-complaint, wherein the defendant prayed that it be granted judgment for the balance due on the promissory note executed by the plaintiff, and further petitioned the court to order a judicial sale of the plaintiff's interest in the stock certificate to satisfy the amount still owing on the note.

.In answer to the defendant's cross-complaint, the plaintiff admitted the execution and delivery of the promissory note, and further admitted that the stock certificate was held by the defendant as security for the payment of that note, but affirmatively pleaded that any action for recovery

thereon, or for foreclosure of the pledge of stock by judicial sale, was barred because the action had not been brought within the time prescribed by the statute of limitations.

By way of reply to the affirmative matter contained in plaintiff's answer to the cross-complaint, the defendant denied that the action to foreclose the pledge of the stock certificate was not brought within the time limited by law.

The cause was tried to the court, and, after plaintiff had rested, the defendant moved to dismiss the action, which motion was denied. The defendant then submitted its evidence, and thereafter both sides presented their arguments on the law applicable to the case. In its memorandum opinion, subsequently rendered, the trial court indicated that the plaintiff's action would be dismissed and that the defendant's prayer, in its cross-complaint, for judgment on the note and for foreclosure of the pledge by judicial sale, would be granted.

Findings of fact, conclusions of law, and judgment were thereafter entered in favor of the defendant, directing that the pledged shares of stock be sold in the manner provided by law and that the proceeds of such sale be applied to the balance due on the note, together with accrued interest. The judgment further provided, however, that, in the event the amount realized from the sale was insufficient to satisfy the entire debt, the plaintiff should not be liable for any deficiency, and that the plaintiff would be allowed fifteen days, following the final entry of judgment, in which to pay the amount owing on the note and thereby secure the release of the pledged stock. From the judgment as entered, plaintiff appealed.

The facts material to the case on this appeal may be briefly stated as follows:

Appellant, Leonard E. Kolstad, was an employee of the respondent corporation during the period between 1929 and 1941, first in the capacity of a salesman, and later as a buyer. In the latter part of the year 1929, he agreed to purchase ten shares of the capital stock of the corporation, and, on January 2, 1930, he executed a demand note as evi-

dence of his promise to pay for the stock. Upon the issuance to him of a stock certificate evidencing his ownership of the ten shares, appellant endorsed the certificate in blank and delivered it to the corporation as collateral security for the payment of the note. The only written memorial of the terms of the agreement under which the stock was sold, other than the aforementioned endorsement in blank of the stock certificate, is the promissory note executed by appellant, reading as follows:

"2900.00          Tacoma, Wash., Jany. 2, 1930
    On demand after date I promise to pay to the
order of      Younglove Grocery Co.
Twenty nine hundred and no/100........Dollars
at Tacoma, Wash.
Value received with interest at -6- per cent per
annum.
No.————— Due—————

"Leonard E. Kolstad [Signed]"

Two or three small payments were subsequently made on the note by appellant, in the year 1930, which payments, together with certain credits given for dividends declared on the stock from time to time, reduced the balance due on the note, at the time of trial, to the agreed sum of $1,450.75, exclusive of the item of interest.

All of appellant's assignments of error may be grouped under two specifications: (1) that the trial court erred in dismissing his action for recovery of possession of the pledged stock; and (2) that the trial court erred in entering judgment for respondent, on its cross-complaint, awarding recovery on the note and directing foreclosure, by judicial sale, of the pledged securities.

■ Under those assignments of error having to do with the trial court's dismissal of appellant's action, appellant takes the position that the evidence in the case establishes that the respondent corporation, acting through its president, agreed to cancel the note and to surrender the pledged stock to the appellant. This contention does find some support in the testimony given by the appellant himself. How-

ever, the record also shows, in contradiction to appellant's testimony, that respondent's president, Norton R. Younglove, denied that any such agreement had been made by him, and there is other evidence to support such denial.

The trial court found, from the conflicting evidence, that no agreement as alleged by the appellant had ever been entered into by the respondent, and we are not disposed to disturb this finding, based, as it is, upon substantial evidence in the record.

With respect to those assignments of error having to do with the judgment entered on respondent's cross-complaint, it is appellant's contention that the statute of limitations has run so as to bar any action by the respondent on the note, and that, therefore, the respondent is also barred from bringing an action to foreclose the pledge of the stock certificate.

For the purpose of this opinion, we will assume that the statute of limitations has in fact run so as to bar any action by respondent on the promissory note executed by the appellant. That, however, does not dispose of the case·in its entirety.

As hereinabove stated, the judgment under attack provides that the debt evidenced by the promissory note can be satisfied only out of the amount realized from the sale of the pledged stock. The adjudication thus made by the trial court, though in form a judgment on the note in question, is in effect simply and only a decree foreclosing, by judicial sale, the pledge of stock given to secure the payment of the amount evidenced by the note.

■ The fact that the statute of limitations has run, so as to prevent any action from being successfully prosecuted for the collection of a debt secured by a pledge of collateral securities, will not prevent the creditor from holding and realizing on such collateral. *Hodge v. Truax*, 184 Wash. 360, 51 P. (2d) 357, 103 A.L.R. 420. Since that decision contains an adequate discussion of the rule, together with the reasons therefor and the supporting authorities, we

deem it unnecessary here to do more than state the rule as above given.

The law accords to a pledgee of collateral two methods of "realizing" thereon, after default by the pledgor on the principal obligation: (1) The pledgee may, without invoking the aid of any court, sell the property at public sale, provided that he complies with certain conditions designed to protect the rights of the pledgor; or (2) the pledgee may invoke the aid of a court of equity and foreclose his lien by judicial sale. 41 Am. Jur. 638, 640, 647, Pledge and Collateral Security, §§ 76, 78, 88; 49 C. J. 980, 994, 1013, Pledges, §§ 207, 241, 276; Brown on Personal Property (1936), 586, 588, §§ 132, 133.

The case at bar, as determined and disposed of by the trial court, constituted a proceeding under this second method of realizing upon collateral security.

The judgment of the trial court is to be considered a decree, and, as such, it is affirmed for the reasons hereinabove set forth.

MALLERY, C. J., BEALS, SIMPSON, and HILL, JJ., concur.